# UNITED STATES
*v.*
# MANUEL BENITO, ETC.

---

MOTION FOR NEW TRIAL—PRESUMPTION OF A GRANT.

1. A statute of limitation does not run against the state. Possession by an individual for the time mentioned in the statute, with a claim of absolute ownership, raises a conclusive presumption of a valid grant against all but the sovereign.
2. From long possession, accompanied with all the acts usual to unqualified ownership, the jury may, however, presume a grant from the sovereign.

November 26, 1902.

---

*Mr. Pettingill,* District Attorney, for plaintiff.

*Messrs. Dexter & Hord* for defendants.

HOLT, Judge, delivered the following opinion:

It is well settled that a statute of limitation does not run against the state. Mere lapse of time does not furnish conclusive bar to its claim. The possession of land by the individual for the length of time mentioned in a statute of limitation, with a claim of absolute title of ownership, raises a conclusive presumption of a valid grant against all persons but the sovereign.

---

*Adverse possession—limitation of actions—as against state.* As to rights acquired against the public by adverse possession of highway or city street, see editorial note to Meyer v. Graham, 18 L. R. A. 146.

In this case the court did not instruct the jury that any length of adverse possession furnished a bar as against the government; but only that they might, from long possession, accompanied with all the acts usual to unqualified ownership, presume a grant from the sovereign; and the court is still of the opinion that the jury had the right to presume such commencement of a claim after many years of uninterrupted adverse enjoyment. 1 Greenl. Ev. § 45a.

The motion for a new trial is overruled.